**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0369, <u>ARAA West Side Holdings, LLC v. Audrey Rackliff & a.</u>, the court on April 7, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendants, Audrey and Everett Rackliff (tenants), appeal an order recommended by a referee (<u>Kent</u>, R.) and approved by the Circuit Court (<u>Lyons</u>, J.), entering judgment in favor of the plaintiff, ARAA West Side Holdings, LLC (landlord), in this possessory action for reasons other than non-payment of rent and determining that the tenants had failed to establish that their eviction was retaliatory. The tenants argue, among other things, that the trial court erred by rejecting their retaliation defense. We vacate and remand.

We will uphold the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 66 (2012). We review questions of law <u>de novo</u>. <u>Miller v. Slania Enters.</u>, 150 N.H. 655, 659 (2004).

Under RSA 540:13-a, III (2021), a tenant who is less than one week in arrears may defeat an eviction action by proving that the eviction action was brought in retaliation for the tenant meeting with other tenants for a lawful purpose. "In certain circumstances, the tenant is entitled to a rebuttable presumption of retaliation under RSA 540:13-b [(2021)]." <u>White Cliffs of Dover v. Bulman</u>, 151 N.H. 251, 254 (2004). RSA 540:13-b provides, in pertinent part:

> Unless the court finds that the act of the tenant . . . in organizing relative to alleged violations by a landlord was primarily intended to prevent any eviction, a rebuttable presumption that such possessory action was in retaliation of the tenant's action shall be created when any possessory action, increase in rent or any substantial alteration in the terms of the tenancy is instituted by a landlord within 6 months after:
> . . . .

> IV. The discovery by the landlord of activity protected by RSA 540:13-a, III.

RSA 540:13-b, IV (2021).

In this case, the possessory action was filed on May 4, 2022. Therefore, for the rebuttable presumption to apply, the landlord must have discovered the tenants' alleged protected activity (here, attendance at a tenant meeting) within six months of May 4, 2022. See Bulman, 151 N.H. at 254. Six months before May 4, 2022 was November 4, 2021. Thus, the tenants were entitled to a rebuttable presumption upon proof that between November 4, 2021, and May 4, 2022, the landlord discovered their attendance at the tenant meeting.

The trial court ruled that the tenants failed to establish their retaliation defense because the tenant meeting they attended occurred after "this Notice was given." To the extent that the trial court intended the phrase "this Notice" to refer to the notice to quit, the court erred as a matter of law. We have held that for the purposes of the rebuttable presumption, service of a notice to quit "does not meet the statutory requirement of instituting a possessory action." Bulman, 151 N.H. at 254-55; see Hynes v. Hale, 146 N.H. 533, 539 (2001) ("Although the notice to quit may be a requisite step in the eviction process, it is not itself an eviction action."). Accordingly, to the extent that the trial court focused upon whether the alleged protected activity (here, the tenant meeting) occurred before or after the notice to quit was served, the trial court erred as a matter of law.

To the extent that the trial court intended the phrase "this Notice" to refer to the filing of the landlord/tenant writ, the trial court erred as a matter of fact when it determined that the protected activity occurred after the filing of the writ. The evidence at trial was that the tenants attended two tenant meetings, one on March 19 and the other on April 23. Both of these meetings occurred within six months of the writ's filing on May 4.

We are unable to determine as a matter of law, based upon the record before us, whether the rebuttable presumption applied and, if so, whether the landlord sufficiently rebutted it. Nor are we able to determine, as a matter of law, based upon the record before us, whether, even if the rebuttable presumption did not apply, the tenants established their retaliation defense. Under these circumstances, we vacate the trial court's determination that the tenants failed to establish their retaliation defense and remand for further proceedings consistent with this order.

Vacated and remanded.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

Timothy A. Gudas,
Clerk

2